IN THE U.S. DISTRICT COURT
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Tina M. White** <br> **337 Joplin Street** <br> **Baltimore, Maryland 21224** <br><br> *On behalf of herself and* <br> *others similarly situated* <br><br> **Plaintiff** <br><br> v. <br><br> **LLPD LLC** <br> **(t/a "The Broadway Diner")** <br> **6501 Eastern Avenue** <br> **Baltimore, Maryland 21224** <br><br> **Pete Koroneos** <br> **6501 Eastern Avenue** <br> **Baltimore, Maryland 21224** <br><br> **Defendants** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> / | Case No. _____ <br> **JURY TRIAL REQUESTED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Tina M. White, by and through her undersigned counsel, states a collective action complaint against Defendants LLPD LLC and Pete Koroneos, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., LE Art. § 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE Art. § LE 3-501 *et seq.* ("MWPCL"), and demands a jury trial, as follows:

### Introduction.

1. This is a collective action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., LE Art. § 3-401 *et seq.*, and the MWPCL,

Md. Code Ann., LE Art. § 3-501 *et seq.* Plaintiff brings this action on behalf of herself and all similarly situated restaurant server employees who have worked at the Baltimore, Maryland, Broadway Diner restaurant, located at 6501 Eastern Ave. Baltimore, Maryland 21224, which is owned, controlled and operated by the Defendants named herein.

2. Plaintiff seeks on behalf of herself and others similarly situated, in addition to the actual sums owed in unpaid minimum wages and overtime wages, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

### Jurisdiction and Venue.

3. This Court has subject matter/original jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue and personal jurisdiction are proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events and omissions giving rise to the claims in this Complaint occurred in this judicial district.

### Parties.

6. Defendant LLPD LLC (t/a "Broadway Diner") is a limited liability corporation formed in the State of Maryland to engage in the operation of a restaurant and related activities. Defendant LLPD LLC owns and operates Broadway Diner, a restaurant serving the Baltimore, Maryland area and located at 6501 Eastern Avenue, Baltimore, Maryland 21224.

7. At all times material herein, Defendant LLPD LLC had an annual gross volume of sales

made or business done in an amount exceeding $500,000.00.

8. Defendant LLPD LLC employs at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA.

9. For instance, there are employees of Defendant LLPD LLC who negotiate and purchase food from producers and suppliers who operate in interstate commerce.

10. There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries.

11. There are employees who regularly use wire and electronic means of communicating interstate, who also regularly sell food and beverages that have moved in interstate commerce, and who regularly process credit card transactions for customer payments.

12. There are employees who use, in Defendants' restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.

13. Accordingly, subject matter jurisdiction exists because Plaintiff, and others similarly situated, are employed by Defendant LLPD LLC, a covered entity, satisfying the enterprise coverage provisions under the FLSA.

14. Defendant LLPC LLC also satisfies the coverage provisions of the MWHL.

15. As a covered enterprise, Defendant LLPD LLC has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

16. Defendant Pete Koroneos has complete operational control of Broadway Diner. Upon information and belief, Pete Koroneos maintains custody and control of Broadway Diner's business records and is responsible for maintaining those records, such as payroll records.

17. Additionally, upon information and belief, for all times material to this case, Defendant Pete Koroneos was, and continues to be, aware of operational issues throughout the restaurant, and is knowledgeable of Broadway Diner's past and present employment practices and policies.

18. Upon information and belief, for all times material to this case, Defendant Pete Koroneos possessed and continues to possess the authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Broadway Diner, including Plaintiff, and possessed the ability to hire employees and has terminated employees.

19. Upon information and belief, Defendant Pete Koroneos received and continues to receive income from Defendant LLPD LLC, and has been enriched by the failure of the Defendants to properly pay their workers.

20. At all times material herein, Defendant Pete Koroneos has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendant Pete Koroneos is jointly and individually liable for damages to Plaintiff, and others similarly situated opt-in Plaintiffs, arising under the FLSA, MWHL, and MWPCL.

21. Plaintiff may be legally employed in the United States. As set forth below, Plaintiff seeks unpaid minimum and overtime wages in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

22. Upon information and belief, there exists more than fifty (50) employees of Defendants at Broadway Diner who are similarly situated to Plaintiff, who have worked for Defendants in the last three years, and who have not received minimum wages and/or overtime in a proper rate.

23. Plaintiff and other employees similarly situated, who received tipped income, were not exempt under the MWHL and FLSA's minimum wage and overtime requirements.

24. By failing to pay the statutory minimum wage and/or overtime that was due to Plaintiff and other similarly situated restaurant server employees, Defendants willfully violated very clear and well-established minimum wage provisions of the FLSA. Plaintiff further alleges that the Defendants violated the minimum wage provisions of the MWHL. Additionally, by failing to pay overtime to Plaintiff and similarly situated restaurant server employees, Defendants willfully violated very clear and well-established overtime provisions under the FLSA and the MWHL. In addition to actual sums owed, Plaintiff seeks, on behalf of herself and other employees similarly situated, liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

**Factual Allegations.**

25. For all times pertinent to this lawsuit, Plaintiff worked as a tipped employee for the Defendants.

26. Plaintiff was employed by the Defendants at Broadway Diner from June 2015 through August 13, 2018. For the entire time that Plaintiff worked for Defendants at Broadway Diner, she performed manual work as a server and was non-exempt from the minimum wage and overtime provisions of the FLSA and MWHL.

27. For the entire time she worked at Broadway Diner, Plaintiff worked the weekday night shift, from 11 p.m. to 7 a.m., as a restaurant server. When she began employment with Defendants at Broadway Diner, Plaintiff initially worked three or four nights per week, between 32 and 40 hours per week. During the last year of her employment at Broadway Diner, Plaintiff routinely worked her usual weekday shifts four nights a week, in addition to often working

Friday and Saturday nights, 11 p.m. to 4 or 5:30 a.m. Plaintiff was paid $3.63 per hour for non-overtime hours worked and routinely received tips voluntarily left by customers. During workweeks where Plaintiff worked in excess of 40 hours, she was paid an overtime rate of $5.44 per hour. For example, during the pay period November 13, 2017 to November 26, 2017, Plaintiff worked 89.67 hours. She was paid at a rate of $3.63/hour for the first eighty hours worked and at an overtime rate of $5.44/hour for 9.67 hours.

28. While Plaintiff worked at Broadway Diner, Defendants had a practice requiring servers to compensate Defendants for various business losses. Defendants required servers, including Plaintiff, to pay the cost to the restaurant for any of their customer walk outs and any mistakes in ringing up orders. Plaintiff at all times complied with Defendants' practice described herein.

29. For example, early on in her tenure at Broadway Diner, Plaintiff served a table of four. After she brought their check for $40, her customers left Broadway Diner without paying. Broadway Diner required Plaintiff to pay the $40 bill.

30. Similarly, early in Plaintiff's time at Broadway Diner, she took an order from a group of customers for two plates of buffalo wings. After Plaintiff brought the buffalo wings, coated in hot sauce, to the customers, they informed Plaintiff that they did not want their chicken wings with hot sauce. Plaintiff had the kitchen remake the order and Broadway Diner required Plaintiff to pay for the mistaken orders of buffalo wings.

31. On her last day of employment at Broadway Diner, August 13, 2018, customers at one of Plaintiff's tables handed her cash to pay their check. Plaintiff brought the cash and check to the central cash register to close out her customers' bill. Plaintiff brought change back to her customers, after which they claimed that she had given them a counterfeit $20 bill. Broadway Diner gave the customers a different $20 bill and required Plaintiff to compensate Broadway

Diner for the lost $20.

32. Plaintiff was not exempt under the FLSA and MWHL's minimum wage or overtime compensation requirements.

33. For certain periods of Plaintiff's employment, Defendants violated rights of the Plaintiff to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL, and must allow the tipped employees to retain all tips (except in a valid tip pooling arrangement, which is not at issue in this case).

34. Defendants were required by the FLSA and the MWHL (29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419 (respectively)), to inform tipped employees, like Plaintiff, that among other things, the tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay $3.63 an hour to the Plaintiff, an hourly wage which is lower than the minimum wage requirements of 29 U.S.C. § 206 and Md. Ann. Code LE art. § 3-413.

35. Defendants violated 29 U.S.C. § 203(m) by failing to inform Plaintiff and other similarly situated restaurant server employees that Defendants were taking a so-called "tip credit" against Defendants' minimum wage obligations, the amount of the tip credit, or that Plaintiff and other similarly situated restaurant server employees had the right to retain all tips except in a valid tip pooling arrangement, or any of the other requirements set out by law. See 29 C.F.R. § 531.59(b). Defendants violated the MWHL and by extension, the MWCPL, by failing to inform Plaintiff and other similarly situated restaurant server employees of the provisions of Md. Ann. Code LE art. § 3-419, and its amended provisions, which among other things require that tipped

employees must be informed of provisions of Md. Ann. Code LE art. § 3-419 before Defendants could pay a wage of $3.63/hour.

36. The costs associated with customer walkouts and mis-ringing orders are just like any other business expense of an employer, which cannot be charged to an employee and thereby reduce an employee's wages below the statutory minimum wage.

37. There is no statutory basis allowing for Defendants to deduct any business expenses from the wage rate set prescribed in 29 U.S.C. § 203(m) and Md. Ann. Code LE Art. § 3-419.

38. Finally, the Defendants failed to properly pay working time for over forty hours per week, at a rate no less than one and a half (1 ½) times the regular minimum wages, to Plaintiff and other similarly situated restaurant employees.

39. As a result, Defendants owe the Plaintiff and other similarly situated restaurant server employees, an amount equal to at least $7.25/hour multiplied by the number of hours actually worked up to 40 per work week, and at least $7.26/hour for hours worked in excess of 40.

## Causes of Action

### COUNT I
### (FLSA – Failure to Pay Minimum Wage)

40. Plaintiff incorporates paragraphs 1-39 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage) because Defendants have at all material times failed to pay Plaintiff, and other similarly situated restaurant server employees, the proper minimum wage rate, free and clear of deductions and in a timely manner, by (a) refusing and failing to inform Plaintiff and other similarly situated restaurant server employees about all of the information related to Defendants' claim of a tip credit legally required to be provided by Defendants; (b) requiring Plaintiff and other similarly situated restaurant server employees to pay the cost of business losses occurring as a result of

customer walkouts and mis-rung orders while Defendants nonetheless claimed a tip credit; and (c) otherwise failing to comply with the requirements of 29 U.S.C. § 203(m) and 29 U.S.C. § 206.

## COUNT II
### (FLSA-Failure to Properly Pay Overtime)
### (Failure to Comply With Tip Credit)

41. Plaintiff incorporates paragraphs 1-40 as set forth above, and states the Defendants' actions complained of herein with respect to the failure to comply with the tip credit provisions of the FLSA, constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants have failed and otherwise refused to compensate Plaintiff, as well as other persons similarly situated who worked at Broadway Diner, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage of $7.25 an hour, as required by Federal law and applicable Federal regulations.

42. As a result, because the Defendants are legally unable to claim a tip credit against their minimum wage obligations due to Plaintiff, and others similarly situated, as required by Federal law and applicable Federal regulations, Defendants owe Plaintiff and others similarly situated overtime in the amount of 1½ times the full minimum wage.

## COUNT III
### (FLSA-Failure to Properly Pay Overtime)
### (*Alternative Count*)

43. Plaintiff incorporates paragraphs 1-42 as set forth above, and alternatively pleads and states that even if Defendants' actions were in compliance with the tip credit provisions of the FLSA, Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants have failed and otherwise refused to compensate Plaintiff, as well as all other similarly situated persons who worked at Broadway Diner at a proper overtime

rate after application of the so-called tip credit, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage as required by Federal law and applicable Federal regulations.

44. Defendants' failure to properly calculate overtime was not the result of mere negligence, but rather a deliberate effort to reduce overtime costs across a wide number of employees.

## COUNT IV
### (MWHL - Failure to Pay Minimum Wage)

45. Plaintiff incorporates paragraphs 1-44 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-413 (minimum wage), because Defendants have, at all material times, failed to pay Plaintiff the proper minimum wage rate for all hours worked, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE Art. § 3-419, free and clear of deductions and in a timely manner, by: (a) refusing and failing to properly inform Plaintiff about all of the information related to Defendants' claim of a tip credit legally required to be provided by Defendants; (b) requiring Plaintiff to pay the cost of business losses occurring as a result of customer walkouts and mis-rung orders while Defendants nonetheless claimed a tip credit; any and all of which constitute violations of Md. Ann. Code LE Art. § 3-419.

46. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT V
### (MWHL - Failure to Properly Pay Overtime)

47. Plaintiff incorporates paragraphs 1-46 as set forth above, and states on behalf of herself that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-420 (overtime) because Defendants have, at all material times, failed and otherwise refused to

compensate Plaintiff for all hours worked in excess of forty hours a work week at a rate of not less than one and a half (1 ½) times their regular rate of pay, as computed under Md. Ann. Code LE Art. § 3-420.

48. Defendants' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendants failed to compensate Plaintiff at a proper overtime rate after application of the so-called tip credit, for hours worked in excess of forty hours in a work week at a rate of not less than one and a half (1 ½) times the regular and applicable minimum wage as required by Maryland law.

49. As a result, Defendants owe Plaintiff overtime wages in the amount of one and a half (1 ½) times the then-applicable minimum wage established by Md. Ann. Code LE Art. § 3-413 (minimum wage), for all work weeks she worked in excess of forty hours per week.

### COUNT VI
### (MWHL - Failure to Properly Pay Overtime)
*(Alternative Count – Overtime Owed Even If In Compliance With Tip Credit Provisions)*

50. Plaintiffs incorporate paragraphs 1-49 as set forth above, and alternatively pleads and states on behalf of herself that even if Defendants' actions were in compliance with the tip credit provisions of the MWHL, Defendants' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendants failed to compensate Plaintiff at a proper overtime rate after application of the so-called tip credit, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage (currently $10.10 an hour), as required by Maryland law. Defendants were required, but failed, to pay Plaintiff at least $7.63 an overtime hour from January 1, 2015 through June 30, 2015; at least $7.76 an overtime hour from July 1, 2015 through June 30, 2016; at least $8.01 an overtime hour from July 1, 2016 to June 30, 2017; at least $8.26 an overtime hour from

July 1, 2017- June 30, 2018; and at least $8.68 after July 1, 2018, for every overtime hour that Plaintiff worked, even if Defendants were in compliance with the requirements of Section 3-419 of the MWHL.

## COUNT VII
### (MWPCL – Failure to Pay Earned Wages)

51. Plaintiff incorporates paragraphs 1-50 as set forth above, and state that the actions of the Defendants in refusing to pay wages free and clear in proper amounts is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

52. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wage and overtime compensation as applicable under the MWHL.

53. That, impliedly, by operation of law, Plaintiff is entitled to be paid statutory minimum wages and overtime by Defendants, which have not been paid during the course of Plaintiff's employment with the Defendants.

54. That there are no bona fide disputes between the parties as to the right of the Plaintiff to be paid all lawful wages due arising from their employment. Defendants know, or should know, that they are covered entities under the MWHL, and that Plaintiff performed work as an employee for which they were not properly compensated.

55. Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e., the MWHL-mandated wages that have gone unpaid.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and

costs, and in support thereof, request this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendants to provide all material contact information, including email addresses and phone numbers (for text messaging), for potential opt-in Plaintiffs who performed work as servers and bartenders receiving less than the full minimum wage ($7.25/hour); (ii) issue appropriate Notices as requested in Plaintiff's Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b) Order Defendants to pay Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), all unpaid minimum wage payments determined by the Court to be due and owing, under the FLSA as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), pursuant to the FLSA;

(c) Order Defendants to pay the Plaintiff an amount equal to triple the amount of unpaid minimum wages owed Plaintiff, under the MWHL, after an accounting has been performed, as Plaintiff is entitled to such damages under MWPCL;

(d) Award Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), her attorneys' fees and costs in pursuing this action;

(e) Award Plaintiff interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f) Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/
Howard B. Hoffman, Esq.
Hoffman Employment Law, LLC
Federal Bar No. 25965
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

/s/
Jordan S. Liew, Esq.
Hoffman Employment Law, LLC
Federal Bar No. 20509
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorneys for Plaintiff

## **Jury Demand**

The Plaintiff, by her attorney, hereby demand a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman