## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "**Agreement**") is made and entered into this 31st day of December, 2020, by and between Plaintiffs, TINA WHITE, KATHRYN UROZA (AKA Kathryn Chaput), SIMONE ZIELINSKI, NICOLE MERCHANT, MICHAEL GARCIA VASQUEZ, LOUISE MARQUARD, DIMITRIOS KARAOULANIS, MEGAN DOUGLASS (AKA Megan Zakaria), GAIL WEBSTER, LARISA DILLINGER, CYNTHIA VELTEN, MARISOL GARTRELL, TERESA EADS, FELICIA WAGER, and ANAIS GARRO (collectively, "**Plaintiffs**"), on the one hand, and LLPD, LLC ("**LLPD**") and PETE KORONEOS (collectively, "**Defendants**"), on the other hand.  Plaintiffs and Defendants are each a "**Party**" and collectively, the "**Parties**".

WHEREAS, Plaintiffs are former employees at the Broadway Diner who contend that they are owed unpaid minimum and/or overtime wages;

WHEREAS, Plaintiffs have pending against Defendants an action in the United States District Court for the District of Maryland, captioned *White et al. v. LLPD, LLC et al*, No. 1:18-cv-02900-CCB (the "**Lawsuit**"), alleging unpaid minimum and/or overtime wages under the Fair Labor Standards Act (FLSA), along with state supplemental claims;

WHEREAS, Defendants have denied any and all allegations of wrongdoing asserted by Plaintiffs and contend the claims in the Lawsuit are the subject of a *bona fide* dispute concerning both liability and the extent of any damages; and

WHEREAS, the poor economic state of the restaurant industry during the COVID-19 pandemic, and Defendants' troubled financial state in particular, give rise to a substantial risk that if this case proceeded to judgment and Plaintiffs prevailed, such judgment would be uncollectible; and

WHEREAS, the Parties collectively desire to settle, fully and finally, all differences between them, including, but not limited to, those arising from or in any way relating to Plaintiffs' employment and working relationship with Defendants or any termination thereof;

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1.     **CONSIDERATION**.  In consideration of each Plaintiffs' decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiffs, collectively and to their counsel, the total sum Two Hundred Eighty Three Thousand Five Hundred Dollars ($283,500.00), to settle all claims between the Parties, including, but not limited to, claims for unpaid wages, improper deductions, other expenses, statutory/liquidated damages, and attorneys' fees and costs.

2.     **PAYMENTS**.  If all Plaintiffs execute this Agreement, within ten (10) business days of approval of this Agreement by the United States District Court or on or before January 5, 2021, whichever is later, Defendants agree to begin making payments in accordance with the payment plan attached hereto and incorporated herein by reference as **Exhibit A** and subject to the following terms:

2.1.    LLPD's payments totaling Two Hundred Eighty-Three Thousand Five Hundred Dollars ($283,500.00) will be made as follows:

2.1.1.    Seventy-Five Thousand dollars ($75,000.00), less required tax withholdings, representing claimed wages and for which LLPD will issue an IRS Form W-2 to Plaintiffs;

2.1.2.    Seventy-Five Thousand dollars ($75,000.00), to which no withholdings will be made, representing liquidated damages, and for which LLPD will issue an IRS Form 1099-MISC to Plaintiffs; and

2.1.3.    One Hundred Thirty-Three Thousand Five Hundred dollars ($133,500.00), to which no withholdings will be made, representing Plaintiffs' attorneys' fees and costs, and for which LLPD will issue IRS Forms 1099-MISC to Hoffman Employment Law, LLC.

2.2.    Plaintiffs will receive income payments under this Agreement in two forms, as W-2 income and as 1099 income. The payment in Section 2.1.1 shall be paid subject to all lawful taxes and withholdings, including all applicable employment taxes, including Federal, state and local income tax withholding and employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and tax identification or social security number on an IRS Form W-2.  The payment in Section 2.1.2 shall be paid without any tax withholdings and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3. Each Plaintiff agrees that he or she is responsible for payment of any and all taxes for income listed on the Form 1099.

2.3.    Attorneys' fees and costs paid pursuant to Section 2.1.3 of this Agreement to Plaintiffs' counsel shall be paid without withholding and shall be reported to the IRS under the Federal Employer Identification Numbers, on an IRS Form 1099, as revised, in the box for "gross proceeds to attorneys," for Hoffman Employment Law, LLC for the year in which it was paid.

2.4.    After the initial Plaintiff and Attorney Payments are made as set forth in this Section 2, the second payment shall be made thirty (30) days thereafter, and each of the 20 remaining monthly payments will be due on the same calendar day as the second payment for each succeeding calendar month, and paid in the amounts set forth in Exhibit A.  Any payment due on a day which is not a Business Day shall be due and payable on the next Business Day following any of the Payment Dates.  "Business Day" means a day other than a Saturday, Sunday or legal holiday in the State of Maryland.

2.5.    So that LLPD issues IRS Forms W-2 and 1099 reflecting all payments made under this Agreement, each of the Plaintiffs and Hoffman Employment Law, LLC shall provide Defendants' counsel, at the time that each Plaintiff executes this Settlement Agreement, a completed IRS Form W-9, which shall accurately provide their U.S. taxpayer identification numbers.

2.6.    LLPD shall be responsible for timely reporting to all proper tax authorities all payments made pursuant to this Settlement Agreement, and timely remitting to all proper tax authorities all payroll taxes and non-resident alien withholdings deducted pursuant to this Agreement, including the employer portion of payroll taxes on W-2 wages (it being the intent of

2

the Parties and this Agreement that all payroll taxes deducted from Plaintiffs' unpaid wages shall be paid and remitted to tax authorities, as required by law), and shall timely provide each Plaintiff an IRS Form W-2 and IRS Form 1099 (or IRS Form 1042-S, as the case may be) representing each Plaintiffs' respective payments and proof of same shall be provided to Plaintiffs' counsel upon reasonable notice.

2.7.     All payments made pursuant to Sections 2.1.1, 2.1.2, and 2.1.3 shall be delivered to Plaintiffs' counsel, Hoffman Employment Law, LLC, 600 Jefferson Plaza #204, Rockville, MD 20852, via certified mail, overnight mail or hand-delivery, so that they are received by Hoffman Employment Law on or before the day in which the payment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day in which the installment is due). Plaintiffs' counsel shall distribute to Plaintiffs the payments made pursuant to Sections 2.1.1 and 2.1.2 without fee, deduction, charge, or cost to any of the Plaintiffs.

2.8.     Defendants LLPD and Koroneos have executed the Confessed Judgment Promissory Note and attached hereto and incorporated herein by reference as **Exhibit B** which secures all payments required by this Agreement, except for the $75,000.00 paid in Month 1.

2.9.     Plaintiffs agree and acknowledge that Defendants and their counsel have not made any representations to Plaintiffs regarding the tax consequences of any payments or amounts received by Plaintiffs pursuant to this Agreement.

3.     **PLAINTIFFS' ADMISSION**. Plaintiffs admit and agree that Defendants will have paid all sums earned by and owed to them, including, but not limited to, all salary, tips, bonuses, wages (including minimum wages), commissions, overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and any and all other wages, compensation, benefits and prerequisites as a result of their employment with any of Defendants and/or their separation from employment, upon their receipt of all payments required by this Agreement, and further acknowledge that the payments under Section 2 are in full payment of anything of value to which they would be entitled under any policy, plan or procedure of Defendants.  Plaintiffs also expressly waive any right or claim that they may have or may assert to employment or reinstatement to employment, or to payment for salary, wages, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

4.     **APPROVAL BY COURT / DISMISSAL WITH PREJUDICE**.  If all Plaintiffs execute this Agreement and do not revoke within the period described below, Defendants' counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement and dismiss the Lawsuit with prejudice (the "**Motion**").  The Motion shall attach a copy of this Agreement and shall request that the Court approve this Agreement and otherwise retain jurisdiction over this case until thirty (30) days after Plaintiffs and their counsel have received all of the required payments for Month 1, at which point the parties shall move for dismissal of this Lawsuit with prejudice. The Parties agree that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by

3

Defendants of all consideration to Plaintiffs and Plaintiffs' counsel following the dismissal of this Lawsuit by the Court, including but not limited to enforcing the Promissory Note and Confessed Judgment Agreement attached as **Exhibit B**.  The Parties agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the District of Maryland not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect.  No party shall have the right to appeal any decision, order, or judgment entered in this Lawsuit granting the Motion or dismissing this case.

5.     **FULL AND FINAL RELEASE**.

5.1.     Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiffs by Defendants, Plaintiffs, individually and collectively, for themselves, and for their respective attorneys, heirs, beneficiaries, executors, administrators, successors and assigns, fully, finally and forever waive, release and discharge Defendants, individually, collectively, or in any combination including as applicable, all Defendants' heirs, beneficiaries, executors, administrators, parents, subsidiary and/or any alleged affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their successors, assigns, officers, directors, shareholders, owners, managers, supervisors and members, agents, representatives, attorneys, insurers and employees (collectively, the "**Releasees**"), from and of all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the Effective Date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release of Releasees are, among other things, any and all claims of alleged retaliation, either relating to employment or as a result of the cessation of Plaintiffs' alleged employment or otherwise, any and all claims alleging wrongful termination, failure to pay wages (including the minimum wage), improper deductions, failure to pay or reimburse for expenses, failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under the following: Age Discrimination in Employment Act (ADEA), as amended by the Older Workers Benefit Protection Act (OWBPA), as amended; Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Acts of 1866, 1871, and 1991, as amended; the Equal Pay Act; the Americans with Disabilities Act of 1990, as amended; the Family and Medical Leave Act, as amended; the Fair Labor Standards Act, as amended (FLSA); the Employee Retirement Income Security Act of 1974, as amended; the National Labor Relations Act, as amended; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act, as amended; the Fair Credit Reporting Act, as amended; the Sarbanes-Oxley Act of 2002; the Maryland Wage and Hour Law (MWHL); the Maryland Wage Payment Collection Law (MWPCL); the Worker Adjustment and Retraining Notification Act, as amended; the Maryland Fair Employment Practice Act; the Maryland Occupational Health and Safety Act, the Maryland Disabilities Law, and Article 49B of the Maryland Annotated Code as each of them has been or may be amended; and any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, tortious conduct, fraud, or any other unlawful behavior, the existence of which is specifically denied by Defendants. This Agreement

4

does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default.

5.2. The release in this Agreement includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

5.3. Plaintiffs expressly waive any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

5.4. Plaintiffs represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which any of Plaintiffs had, has, or may have against Releasees.

6. **RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the Full and Final Release, is intended to, or will, preclude Plaintiffs from filing a charge or complaint with a governmental agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. Notwithstanding the foregoing, to the fullest extent allowed by law, Plaintiffs release and waive any right to receive further or additional monetary relief or individualized equitable relief. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiffs are entitled regarding anything occurring on or before the date on which they sign this Agreement, including anything regarding their alleged employment with Defendants and/or the termination of that relationship.

7. **NO OTHER CLAIMS**. Plaintiffs represent and warrant that Plaintiffs have not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against Defendants (or any Releasee) with any court other than the Lawsuit, and Plaintiffs hereby promise that Plaintiffs will not file, assist anyone else in filing, or assign to others the right to file suit in any court against any of Releasees, except as required by law, or make any further claims against Defendants and/or any of the Releasees, on behalf of any of Plaintiffs or others, at any time for actions taken up to and including the date Plaintiffs execute this Agreement. Plaintiffs waive all collective and/or class allegations and withdraw, and if filed, agree to dismiss same with prejudice, and neither Plaintiffs, nor any of their attorneys, shall amend the Lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement or engage in enforcement proceedings.

8. **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT**.

    8.1.    This Agreement shall not be construed as an admission by Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants expressly deny any intent, willingness, or plan to violate any provision of the FLSA, MWHL, MWPCL or any other statute. Defendants do not admit, and specifically deny, any liability to Plaintiffs, and any wrongdoing or violation of any law, statute, regulation, agreement or policy. Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation.

    8.2.    The Parties acknowledge and agree that no judgment has been entered and no findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency. The Parties agree that there has been no determination or admission that the Plaintiffs meet the requisites to maintain a collective action under the FLSA, or a class action. This Settlement Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement.

9.    **GOVERNING LAW/VENUE**. This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof. The Parties agree that this Agreement is made within Baltimore City, Maryland, and for venue shall be in the United States District Court for the District of Maryland for purposes of resolving any and all disputes under this Agreement.

10.    **SOLE AND ENTIRE AGREEMENT**. This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement. The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to the other in connection with the Parties' decision to sign this Agreement, except for those set forth in this Agreement.

11.    **NO OTHER PROMISES**. Plaintiffs affirm that the only consideration for Plaintiffs signing this Agreement is that set forth in Sections 1 and 2 and that no other promise or agreement of any kind has been made to or with Plaintiffs by any person or entity to persuade or cause Plaintiffs to execute this document, and that Plaintiffs fully understand the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

12.    **CONSTRUCTION**. This Agreement was jointly prepared by the Parties and any uncertainty and ambiguity shall not be interpreted against any one party.

13.    **HEADINGS**. The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

14.    **ELECTRONIC SIGNATURES/COUNTER-PARTS**. Defendants and Plaintiffs agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature

and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

15.    **SEVERABILITY**.  If any provision of this Agreement is held to be unenforceable or invalid by any court of competent jurisdiction and cannot be modified to be enforceable, then all other provisions of this Agreement shall continue to be in full force and effect, unless the part held to be unenforceable causes a substantial change in the basic intentions and bargain of the Parties.

16.    **AMENDMENT**.  This Agreement may not be modified, altered or changed except upon express written consent of all Parties wherein specific reference is made to this Agreement.

17.    **LEGALLY BINDING AGREEMENT**. Plaintiffs understand and acknowledge that upon Court approval of this Agreement (a) that this is a legally binding release; (b) that by signing this Agreement, Plaintiffs are hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth in Sections 5 and 6; and (c) that this Agreement is final and binding.  This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiffs, and their respective heirs, beneficiaries, attorneys, administrators, representatives, executors, successors and assigns.

18.    **AGREEMENT IS KNOWING AND VOLUNTARY**. Plaintiffs further represent and acknowledge that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the parties. Plaintiffs represent and warrant that they have fully discussed this Agreement with their attorneys, have consulted with a translator of their choosing, if a Plaintiff deems translation to be necessary and/or desirable, and that all terms are understood and that the execution of this Agreement is completely voluntary.

19.    **RIGHT TO REPRESENTATION, TIME LIMITS AND REVOCATION PERIOD**.  By signing this Agreement, Plaintiffs hereby represent, warrant, acknowledge, and confirm as follows:

19.1.    Each of Plaintiffs is represented by Hoffman Employment Law, LLC and Bradford W. Warbasse, Esq. and has been advised in writing to seek the advice of their attorneys before signing this Agreement.  Each of Plaintiffs have had adequate opportunity to consult with their attorneys and has so consulted.

19.2.    Each of Plaintiffs may consider this Agreement for up to twenty-one (21) days from the date they receive this Agreement.  If any of Plaintiffs elects to sign this Agreement in less than twenty-one (21) days, then such Plaintiffs are waiving their right to consider this Agreement for up to twenty-one (21) days.

7

19.3.    Each of Plaintiffs have the right to revoke this Agreement at any time within seven (7) days after the date they have signed it by delivering a written Notice of Revocation (the "**Notice**") to Thomas M. Wood, IV, One South Street, 27th Floor, Baltimore, MD 21202, in person or by certified mail.  The date of signing, as indicated next to a Plaintiffs signature, will mark the beginning of the seven-day revocation period.  The Agreement shall not become effective or enforceable until the revocation period has expired.  Unless a Notice has been delivered before the end of such seven (7) day revocation period, this Agreement shall automatically become final and binding on the eighth (8th) calendar day after it is signed and returned to Defendants, (the "**Effective Date**").

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily execute this Settlement Agreement and General Release as of the date set forth below:

SIGNATURE PAGES FOLLOW

4841-2356-7059, v. 7

**PLEASE READ THIS DOCUMENT CAREFULLY.**

_12-21-2020_
Date

LLPD, LLC

By:_____
    LOUKAS RENIERIS
    Manager

_12-21-2020_
Date

_____
PETE KORONEOS

9

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

12/8/2020
_____

Date

_____
TINA WHITE

_____

Date

_____
KATHRYN UROZA
(AKA Kathryn Chaput)

_____

Date

_____
SIMONE ZIELINSKI

_____

Date

_____
NICOLE MERCHANT

_____

Date

_____
MICHAEL GARCIA VASQUEZ

_____

Date

_____
LOUISE MARQUARD

_____

Date

_____
DIMITRIOS KARAOULANIS

10

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____          _____
Date                                     TINA WHITE


12/8/2020
_____          _____
Date                                     KATHRYN UROZA
                                         (AKA Kathryn Chaput)


_____          _____
Date                                     SIMONE ZIELINSKI


_____          _____
Date                                     NICOLE MERCHANT


_____          _____
Date                                     MICHAEL GARCIA VASQUEZ


_____          _____
Date                                     LOUISE MARQUARD


_____          _____
Date                                     DIMITRIOS KARAOULANIS


10

4841-2356-7059, v. 7

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____                    _____
Date                                                                      TINA WHITE


_____                    _____
Date                                                                      KATHRYN UROZA
                                                                               (AKA Kathryn Chaput)


_12/8/2020_
_____                    _____
Date                                                                      SIMONE ZIELINSKI


_____                    _____
Date                                                                      NICOLE MERCHANT


_____                    _____
Date                                                                      MICHAEL GARCIA VASQUEZ


_____                    _____
Date                                                                      LOUISE MARQUARD


_____                    _____
Date                                                                      DIMITRIOS KARAOULANIS

10

DocuSign Envelope ID: 71BC641F-D35A-4424-9093-F29C8D2C53F2

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____

Date

_____

TINA WHITE

_____

Date

_____

KATHRYN UROZA
(AKA Kathryn Chaput)

_____

Date

_____

SIMONE ZIELINSKI

12/8/2020

_____

Date

DocuSigned by:

EF0DB0A3755D4A7...

_____

NICOLE MERCHANT

_____

Date

_____

MICHAEL GARCIA VASQUEZ

_____

Date

_____

LOUISE MARQUARD

_____

Date

_____

DIMITRIOS KARAOULANIS

10

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____          _____
Date                                                              TINA WHITE

_____          _____
Date                                                              KATHRYN UROZA
                                                                       (AKA Kathryn Chaput)

_____          _____
Date                                                              SIMONE ZIELINSKI

_____          _____
Date                                                              NICOLE MERCHANT

12/8/2020

_____          _____
Date                                                              MICHAEL GARCIA VASQUEZ

_____          _____
Date                                                              LOUISE MARQUARD

_____          _____
Date                                                              DIMITRIOS KARAOULANIS

10

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____        _____
Date                                                            TINA WHITE


_____        _____
Date                                                            KATHRYN UROZA
                                                                      (AKA Kathryn Chaput)


_____        _____
Date                                                            SIMONE ZIELINSKI


_____        _____
Date                                                            NICOLE MERCHANT


_____        _____
Date                                                            MICHAEL GARCIA VASQUEZ


12/8/2020
_____        _____
Date                                                            LOUISE MARQUARD


_____        _____
Date                                                            DIMITRIOS KARAOULANIS

10

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____
Date

_____
TINA WHITE


_____
Date

_____
KATHRYN UROZA
(AKA Kathryn Chaput)


_____
Date

_____
SIMONE ZIELINSKI


_____
Date

_____
NICOLE MERCHANT


_____
Date

_____
MICHAEL GARCIA VASQUEZ


_____
Date

_____
LOUISE MARQUARD


12-08-20
_____
Date

_____
DIMITRIOS KARAOULANIS


10

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

12/8/2020

_____
Date

_____
MEGAN DOUGLASS
(AKA Megan Zakaria)

_____
Date

_____
GAIL WEBSTER

_____
Date

_____
LARISA DILLINGER

_____
Date

_____
CYNTHIA VELTEN

_____
Date

_____
MARISOL GARTRELL

_____
Date

_____
TERESA EADS

11

DocuSign Envelope ID: A9ABA9F0-094C-4601-90E4-7CF3786B0F76

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____          _____
Date                                                           MEGAN DOUGLASS
                                                                    (AKA Megan Zakaria)

12/8/2020                                                *Gail Webster*
_____          _____
Date                                                           GAIL WEBSTER

_____          _____
Date                                                           LARISA DILLINGER

_____          _____
Date                                                           CYNTHIA VELTEN

_____          _____
Date                                                           MARISOL GARTRELL

_____          _____
Date                                                           TERESA EADS

11

4841-2356-7059, v. 7

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____       _____

Date                                                                    MEGAN DOUGLASS
                                                                              (AKA Megan Zakaria)

_____       _____

Date                                                                    GAIL WEBSTER

12/11/2020

_____       _____

Date                                                                    LARISA DILLINGER

_____       _____

Date                                                                    CYNTHIA VELTEN

_____       _____

Date                                                                    MARISOL GARTRELL

_____       _____

Date                                                                    TERESA EADS

11

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____           _____
Date                                                           MEGAN DOUGLASS
                                                                    (AKA Megan Zakaria)


_____           _____
Date                                                           GAIL WEBSTER


_____           _____
Date                                                           LARISA DILLINGER


12/23/20                                          _____
Date                                                           CYNTHIA VELTEN


_____           _____
Date                                                           MARISOL GARTRELL


_____           _____
Date                                                           TERESA EADS

11

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____          _____
Date                                                              MEGAN DOUGLASS
                                                                       (AKA Megan Zakaria)


_____          _____
Date                                                              GAIL WEBSTER


_____          _____
Date                                                              LARISA DILLINGER


_____          _____
Date                                                              CYNTHIA VELTEN


12/12/2020

_____          _____
Date                                                              MARISOL GARTRELL


_____          _____
Date                                                              TERESA EADS

11

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____

Date

_____

MEGAN DOUGLASS
(AKA Megan Zakaria)

_____

Date

_____

GAIL WEBSTER

_____

Date

_____

LARISA DILLINGER

_____

Date

_____

CYNTHIA VELTEN

_____

Date

_____

MARISOL GARTRELL

12/8/2020

_____

Date

_____

TERESA EADS

11

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

12/8/2020

_____

Date

_____

FELICIA WAGER

_____

Date

_____

ANAIS GARRO

12

DocuSign Envelope ID: 06599BFE-B134-4439-9881-0D43845ECF89

**PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**


_____          _____
Date                                                           FELICIA WAGER



12/8/2020
_____          _____
Date                                                           ANAIS GARRO

12

**Exhibit A**

| Plaintiff Payments | W-2 Month 1 | 1099-Misc Month 1 | W-2 Month 2 | 1099-Misc Month 3 | W-2 Month 4 | 1099-Misc Month 5 |
|---|---|---|---|---|---|---|
| Dillinger | $ 796.34 | $ 796.34 | $ 213.42 | $ 213.42 | $ 213.42 | $ 213.42 |
| Eads | $ 674.16 | $ 674.16 | $ 180.68 | $ 180.68 | $ 180.68 | $ 180.68 |
| Garcia Vasquez | $ 153.13 | $ 153.13 | $ 41.04 | $ 41.04 | $ 41.04 | $ 41.04 |
| Garro | $ 428.19 | $ 428.19 | $ 114.76 | $ 114.76 | $ 114.76 | $ 114.76 |
| Gartrell | $ 93.80 | $ 93.80 | $ - | $ - | $ - | $ - |
| Karaoulanis | $ 3,121.14 | $ 3,121.14 | $ 836.49 | $ 836.49 | $ 836.49 | $ 836.49 |
| Marquard | $ 831.78 | $ 831.78 | $ 222.92 | $ 222.92 | $ 222.92 | $ 222.92 |
| Merchant | $ 1,275.57 | $ 1,275.57 | $ 341.86 | $ 341.86 | $ 341.86 | $ 341.86 |
| Uroza | $ 3,043.99 | $ 3,043.99 | $ 815.81 | $ 815.81 | $ 815.81 | $ 815.81 |
| Velton | $ 139.11 | $ 139.11 | $ 37.28 | $ 37.28 | $ 37.28 | $ 37.28 |
| Wager | $ 2,973.95 | $ 2,973.95 | $ 797.04 | $ 797.04 | $ 797.04 | $ 797.04 |
| Webster | $ 330.21 | $ 330.21 | $ 88.50 | $ 88.50 | $ 88.50 | $ 88.50 |
| White | $ 2,733.71 | $ 2,733.71 | $ 732.65 | $ 732.65 | $ 732.65 | $ 732.65 |
| Zakaria | $ 569.43 | $ 569.43 | $ 152.61 | $ 152.61 | $ 152.61 | $ 152.61 |
| Zielinski | $ 1,585.50 | $ 1,585.50 | $ 424.93 | $ 424.93 | $ 424.93 | $ 424.93 |
| **SUBTOTAL** | **$ 18,750.00** | **$ 18,750.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** |

| Plaintiff Payments | W-2 Month 6 | 1099-Misc Month 7 | W-2 Month 8 | 1099-Misc Month 9 | W-2 Month 10 | 1099-Misc Month 11 |
|---|---|---|---|---|---|---|
| Dillinger | $ 213.42 | $ 213.42 | $ 213.42 | $ 213.42 | $ 213.42 | $ 213.42 |
| Eads | $ 180.68 | $ 180.68 | $ 180.68 | $ 180.68 | $ 180.68 | $ 180.68 |
| Garcia Vasquez | $ 41.04 | $ 41.04 | $ 41.04 | $ 41.04 | $ 41.04 | $ 41.04 |
| Garro | $ 114.76 | $ 114.76 | $ 114.76 | $ 114.76 | $ 114.76 | $ 114.76 |
| Gartrell | $ - | $ - | $ - | $ - | $ - | $ - |
| Karaoulanis | $ 836.49 | $ 836.49 | $ 836.49 | $ 836.49 | $ 836.49 | $ 836.49 |
| Marquard | $ 222.92 | $ 222.92 | $ 222.92 | $ 222.92 | $ 222.92 | $ 222.92 |
| Merchant | $ 341.86 | $ 341.86 | $ 341.86 | $ 341.86 | $ 341.86 | $ 341.86 |
| Uroza | $ 815.81 | $ 815.81 | $ 815.81 | $ 815.81 | $ 815.81 | $ 815.81 |
| Velton | $ 37.28 | $ 37.28 | $ 37.28 | $ 37.28 | $ 37.28 | $ 37.28 |
| Wager | $ 797.04 | $ 797.04 | $ 797.04 | $ 797.04 | $ 797.04 | $ 797.04 |
| Webster | $ 88.50 | $ 88.50 | $ 88.50 | $ 88.50 | $ 88.50 | $ 88.50 |
| White | $ 732.65 | $ 732.65 | $ 732.65 | $ 732.65 | $ 732.65 | $ 732.65 |
| Zakaria | $ 152.61 | $ 152.61 | $ 152.61 | $ 152.61 | $ 152.61 | $ 152.61 |
| Zielinski | $ 424.93 | $ 424.93 | $ 424.93 | $ 424.93 | $ 424.93 | $ 424.93 |
| **SUBTOTAL** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** |

**Exhibit A**

| Plaintiff Payments | W-2 Month 12 | 1099-Misc Month 13 | W-2 Month 14 | 1099-Misc Month 15 | W-2 Month 16 | 1099-Misc Month 17 |
|---|---|---|---|---|---|---|
| Dillinger | $ 213.42 | $ 213.42 | $ 213.42 | $ 213.42 | $ 213.42 | $ 213.42 |
| Eads | $ 180.68 | $ 180.68 | $ 180.68 | $ 180.68 | $ 180.68 | $ 180.68 |
| Garcia Vasquez | $ 41.04 | $ 41.04 | $ 41.04 | $ 41.04 | $ 41.04 | $ 41.04 |
| Garro | $ 114.76 | $ 114.76 | $ 114.76 | $ 114.76 | $ 114.76 | $ 114.76 |
| Gartrell | $ - | $ - | $ - | $ - | $ - | $ - |
| Karaoulanis | $ 836.49 | $ 836.49 | $ 836.49 | $ 836.49 | $ 836.49 | $ 836.49 |
| Marquard | $ 222.92 | $ 222.92 | $ 222.92 | $ 222.92 | $ 222.92 | $ 222.92 |
| Merchant | $ 341.86 | $ 341.86 | $ 341.86 | $ 341.86 | $ 341.86 | $ 341.86 |
| Uroza | $ 815.81 | $ 815.81 | $ 815.81 | $ 815.81 | $ 815.81 | $ 815.81 |
| Velton | $ 37.28 | $ 37.28 | $ 37.28 | $ 37.28 | $ 37.28 | $ 37.28 |
| Wager | $ 797.04 | $ 797.04 | $ 797.04 | $ 797.04 | $ 797.04 | $ 797.04 |
| Webster | $ 88.50 | $ 88.50 | $ 88.50 | $ 88.50 | $ 88.50 | $ 88.50 |
| White | $ 732.65 | $ 732.65 | $ 732.65 | $ 732.65 | $ 732.65 | $ 732.65 |
| Zakaria | $ 152.61 | $ 152.61 | $ 152.61 | $ 152.61 | $ 152.61 | $ 152.61 |
| Zielinski | $ 424.93 | $ 424.93 | $ 424.93 | $ 424.93 | $ 424.93 | $ 424.93 |
| **SUBTOTAL** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** |

| Plaintiff Payments | W-2 Month 18 | 1099-Misc Month 19 | W-2 Month 20 | 1099-Misc Month 21 | W-2 Month 22 | 1099-Misc Month 22 |
|---|---|---|---|---|---|---|
| Dillinger | $ 213.42 | $ 213.42 | $ 213.42 | $ 384.16 | $ 266.78 | $ 96.04 |
| Eads | $ 180.68 | $ 180.68 | $ 180.68 | $ 325.22 | $ 225.85 | $ 81.31 |
| Garcia Vasquez | $ 41.04 | $ 41.04 | $ 41.04 | $ 73.87 | $ 51.30 | $ 18.47 |
| Garro | $ 114.76 | $ 114.76 | $ 114.76 | $ 206.56 | $ 143.45 | $ 51.64 |
| Gartrell | $ - | $ - | $ - | $ - | $ - | $ - |
| Karaoulanis | $ 836.49 | $ 836.49 | $ 836.49 | $ 1,505.68 | $ 1,045.61 | $ 376.42 |
| Marquard | $ 222.92 | $ 222.92 | $ 222.92 | $ 401.26 | $ 278.65 | $ 100.32 |
| Merchant | $ 341.86 | $ 341.86 | $ 341.86 | $ 615.35 | $ 427.33 | $ 153.84 |
| Uroza | $ 815.81 | $ 815.81 | $ 815.81 | $ 1,468.46 | $ 1,019.77 | $ 367.12 |
| Velton | $ 37.28 | $ 37.28 | $ 37.28 | $ 67.11 | $ 46.60 | $ 16.78 |
| Wager | $ 797.04 | $ 797.04 | $ 797.04 | $ 1,434.67 | $ 996.30 | $ 358.67 |
| Webster | $ 88.50 | $ 88.50 | $ 88.50 | $ 159.30 | $ 110.62 | $ 39.82 |
| White | $ 732.65 | $ 732.65 | $ 732.65 | $ 1,318.78 | $ 915.82 | $ 329.69 |
| Zakaria | $ 152.61 | $ 152.61 | $ 152.61 | $ 274.70 | $ 190.77 | $ 68.68 |
| Zielinski | $ 424.93 | $ 424.93 | $ 424.93 | $ 764.87 | $ 531.16 | $ 191.22 |
| **SUBTOTAL** | **$ 5,000.00** | **$ 5,000.00** | **$ 5,000.00** | **$ 9,000.00** | **$ 6,250.00** | **$ 2,250.00** |

**Exhibit A**

| **Attorney Payments** | 1099-Misc | 1099-Misc | 1099-Misc | 1099-Misc | 1099-Misc | 1099-Misc |
|---|---|---|---|---|---|---|
| | **Month 1** | | **Month 2** | **Month 3** | **Month 4** | **Month 5** |
| | $37,500.00 | | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | **Month 6** | **Month 7** | **Month 8** | **Month 9** | **Month 10** | **Month 11** |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | **Month 12** | **Month 13** | **Month 14** | **Month 15** | **Month 16** | **Month 17** |
| | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| | **Month 18** | **Month 19** | **Month 20** | **Month 21** | **Month 22** | **Month 22** |
| | $5,000.00 | $5,000.00 | $5,000.00 | $1,000.00 | | |

**EXHIBIT B**

## CONFESSED JUDGMENT
## PROMISSORY NOTE

**Baltimore, Maryland**

**$208,500**                                                                    **December  31 , 2020**

        **THIS CONFESSED JUDGMENT PROMISSORY NOTE** ("Confessed Judgment Note") is made as of the 31st day of December, 2020 ("Effective Date"), by PETE KORONEOS and LLPD, LLC (collectively, "Makers"), for the benefit of, and TINA WHITE, KATHRYN UROZA (AKA Kathryn Chaput), SIMONE ZIELINSKI, NICOLE MERCHANT, MICHAEL GARCIA VASQUEZ, LOUISE MARQUARD, DIMITRIOS KARAOULANIS, MEGAN DOUGLASS (AKA Megan Zakaria), GAIL WEBSTER, LARISA DILLINGER, CYNTHIA VELTEN, TERESA EADS, FELICIA WAGER ANAIS GARRO, and HOFFMAN EMPLOYMENT LAW, LLC (collectively, "Holders").

        **FOR VALUE RECEIVED,** the undersigned hereby promise to pay to the order of Holders and any assignee or other lawful owner or holder of this Confessed Judgment Note, the settlement sum ("Settlement Sum") of two hundred and eight thousand and five hundred dollars and zero cents ($208,500.00).

        **UPON THE TERMS** which are hereinafter set forth:

        1.    **INTEREST RATE.**  Provided that a Default does not occur, Makers shall not pay any interest on this Confessed Judgment Note.

        2.    **PAYMENTS.**  The Settlement Sum on this Confessed Judgment Note shall be payable in lawful money of the United States which is legal tender for the payment of all debts and dues, public and private, at the time of payment, in accordance with the following payment schedule:

        (a)    This Confessed Judgment Note is part of the Settlement Agreement and General Release (the "Agreement") executed by the Makers in settlement of an action in the United States District Court for the District of Maryland, captioned *White et al. v. LLPD, LLC et al*, No. 1:18-cv-02900-CCB (the "Lawsuit"), and is attached to and incorporated into the Agreement as Exhibit B.

        (b)    The Settlement Sum is comprised of the last 21 monthly payments of the Plaintiffs and Attorney Payments (*i.e.,* Month 2-Month 22) as set forth in Exhibit A of the Agreement (the "Monthly Payments").

        (c)    Makers shall make each of the 21 consecutive Monthly Payments as set forth in the Agreement, to be paid in the amounts set forth in Exhibit A of the Agreement (the "Payment Dates").  Any payment due on a day which is not a Business Day shall be due and payable on the next Business Day following any of the Payment Dates.  "Business Day" means a day other than a Saturday, Sunday or legal holiday in the State of Maryland.

(d)      The method and amount of each Monthly Payment shall be fully controlled by the Agreement.

3.      **PREPAYMENTS.**   Makers are granted the privilege to prepay the Confessed Judgment Note in whole or in part at any time or times, without penalty or premium.

4.      **WAIVERS.**   Makers waive presentment of this Confessed Judgment Note for presentment, payment, protest and demand, dishonor and notice of protest, demand or dishonor and non-payment under this Confessed Judgment Note, and agree that, without giving notice to or obtaining the consent of Makers or any other person, Holders may extend the time of payment, release any party liable for any obligation hereunder, release any of the security for this Confessed Judgment Note, accept other security therefor, and otherwise modify the terms of payment of any or all of the debt evidenced by this Confessed Judgment Note to the benefit of Makers, with or without having been requested to do so by any other person liable hereon, and such consent shall not alter nor diminish the liability of Makers or any other person hereunder, except if and to the extent that Holders may otherwise agree with, respectively, Makers or such other person, expressly and in writing.

5.      **PAYMENT OF COSTS.**   If, after any Default by Makers in making any payment of principal or interest when due hereunder and subject to any applicable grace period or cure period, or any other Default by Makers in performing any of their obligations hereunder, any suit or action is instituted to collect any or all of the Settlement Sum, any interest accrued thereon or any other sum falling due under the provisions of this Confessed Judgment Note, or if this Confessed Judgment Note is placed in the hands of an attorney for collection, Makers hereby agree to pay all reasonable costs thereby incurred by Holders, including that of reasonable attorneys' fees and expenses, all of which shall be added to and become part of the debt evidenced hereby.

6.      **NOTICE.**   If there is a failure to make any Payment required hereunder fifteen (15) days after any of the Payment Dates (the First Cure Period), Holders shall provide notice of the failure to make payment ("Notice").

7.      **DEFAULT**.   A Default ("Default") under this Confessed Judgment Note shall occur if there is a failure to make any Payment required hereunder fifteen (15) days after Makers receive Notice ("Second Cure Period") of their failure to make payment.  In the event of Default, Makers shall be required to pay, in addition to any other payments due hereunder, (a) Default Interest at the rate of two percent (2%) per annum ("Default Interest") on the total unpaid principal balance of the Settlement Sum, which balance shall be further reduced by payments made on or after the date of Default, and (b) any and all costs of collection, including reasonable costs and attorneys' fees.  Holders' rights and remedies are cumulative and are not waived by the acceptance of any payments.

8.      **ACCELERATION AND CURE.**   Upon any Default by Makers under the provisions of this Confessed Judgment Note, the unpaid balance of the Settlement Sum, together with all Default Interest accrued thereon, and all other sums evidenced hereby become immediately due and payable.

2

9.      **APPLICABLE LAW.**  This Confessed Judgment Note shall be construed, interpreted, and enforced in accordance with the laws of Maryland as the same are in effect from time to time.

10.     **NOT A CONSUMER LOAN.**  Holders hereby stipulate and warrant that the debt evidenced within this Confessed Judgment Note is a debt pursuant to a commercial transaction and therefore this Confessed Judgment Note complies with the purpose and intent of Title 12 of the Commercial Law Article of the Annotated Code of Maryland.  This Confessed Judgment Note is being made solely with regard to a business or commercial organization, as those terms are used therein.

11.     **EXCESS INTEREST.**  Nothing herein contained, nor any transaction related thereto, shall be construed or so operate as to require Makers to pay interest at a greater rate than the maximum allowed by law.  Should any interest or other charges paid or payable by Makers in connection with this Confessed Judgment Note, or any other document delivered in connection herewith, result in the computation or earning of interest in excess of the maximum allowed by law, then any and all such excess shall be and the same is hereby waived by Holders, and any and all such excess paid shall be automatically credited against and in reduction of the balance due under this Confessed Judgment Note, and the portion of said excess which exceeds the balance due under this Confessed Judgment Note shall be paid by Holders to Makers.

12.     **TIME OF THE ESSENCE.**  Makers agree that time is strictly of the essence hereof.

13.     **NOTICES.**  Any notice required to be given to a party hereunder shall be deemed to have been properly given if a written communication of the notice is delivered by hand, or by nationally recognized overnight delivery service, or by certified mail, postage prepaid, return receipt requested, to the following address, or such other address given in writing to the other party.

**If to Makers:**                                    **If to Holders**:
Thomas M. Wood, IV                        Hoffman Employment Law, LLC
One South Street, 27th Floor              600 Jefferson Plaza, Suite 204
Baltimore, MD 21202                        Rockville, MD 20852

14.     **CONFESSION OF JUDGMENT.    IF THIS CONFESSED JUDGMENT NOTE OR ANY INSTALLMENT DUE HEREUNDER IS NOT PAID PRIOR TO DEFAULT AS PROVIDED IN THIS CONFESSED JUDGMENT NOTE, MAKERS HEREBY APPOINT AND AUTHORIZE ANY ATTORNEY IN MARYLAND TO BE MAKERS' TRUE AND LAWFUL ATTORNEY-IN-FACT, AND IN MAKERS' NAME AND STEAD, TO ACKNOWLEDGE SERVICE OF ANY AND ALL LEGAL PAPERS ON ANY KIND OF SUIT BROUGHT FOR COLLECTION OF THIS OBLIGATION AND TO APPEAR FOR MAKERS IN ANY COURT OF COMPETENT JURISDICTION IN THE STATE OF MARYLAND AND TO ACKNOWLEDGE AND CONFESS JUDGMENT AGAINST MAKERS, JOINTLY AND SEVERALLY, AND IN FAVOR OF HOLDERS OF THIS CONFESSED JUDGMENT NOTE FOR (A) THE ENTIRE SETTLEMENT SUM OF**

3

**THIS CONFESSED JUDGMENT NOTE THEN OUTSTANDING AND REMAINING UNPAID, (B) DEFAULT INTEREST THEREON THEN ACCRUED AND UNPAID, (C) REASONABLE ATTORNEYS' FEES AND (D) COURT COSTS.**

**15.    WAIVER OF TRIAL BY JURY.    MAKERS HEREBY WAIVE TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH MAKERS AND HOLDERS MAY BE PARTIES, ARISING OUT OF OR IN ANY WAY PERTAINING TO THIS CONFESSED JUDGMENT NOTE. THIS WAIVER IS KNOWINGLY, WILLINGLY, AND VOLUNTARILY MADE BY MAKERS, AND MAKERS HEREBY REPRESENT THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT.    MAKERS FURTHER REPRESENT THAT THEY HAVE BEEN REPRESENTED IN THE SIGNING OF THIS CONFESSED JUDGMENT NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF THEIR OWN FREE WILL, AND THAT THEY HAVE HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.**

16.    **PARTIAL INVALIDITY**. If any provision of this Confessed Judgment Note (or any part of any provision) is held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability will not affect any other provision (or remaining part of the affected provision) of this Confessed Judgment Note; but this Confessed Judgment Note will be construed as if such invalid, illegal, or unenforceable provision (or part thereof) had not been contained in this Confessed Judgment Note, but only to the extent it is invalid, illegal or unenforceable.

17.    **MISCELLANEOUS**. Each right, power and remedy of Holders under this Confessed Judgment Note or under applicable laws will be cumulative and concurrent, and will be in addition to every other right, power or remedy, and the exercise of any one or more of them will not preclude the simultaneous or later exercise by Holders of any or all such other rights, powers or remedies. No failure or delay by Holders to insist upon the strict performance of any one or more provisions of this Confessed Judgment Note, or to exercise any right, power or remedy consequent upon a breach thereof or default hereunder will constitute a waiver thereof, or preclude Holders from exercising any such right, power or remedy.  By accepting payment after any of the monthly Payment Dates of any amount payable under the terms of this Note, Holders will not be deemed to waive the right either to require prompt payment when due of all other amounts payable under the terms of this Confessed Judgment Note or to declare a Default for the failure to effect such prompt payment of any such other amount payable under the terms of this Confessed Judgment Note.  No modification, change, waiver or amendment of this Confessed Judgment Note will be deemed to be made unless in writing signed by the party to be charged. This Confessed Judgment Note will inure to the benefit of and be binding upon the parties and their respective successors and assigns. Holders may not assign or otherwise transfer this Confessed Judgment Note.  Makers have been advised that Makers have the right to consult an attorney with regard to the content of this Confessed Judgment Note and all attachments.  Makers acknowledge that Makers enter into this Confessed Judgment Note by their own free will, and that Makers have the option to not be obligated under this Confessed Judgment Note.

4

18. **<u>JURISDICTION AND VENUE</u>**.  In any action brought by Holders under this Confessed Judgment Note, Makers consents to the exercise of personal jurisdiction over the Makers by the United States District Court for the District of Maryland, the Circuit Court for Baltimore City, Maryland, or in the District Court for Baltimore City, Maryland.

**(Remainder of the page intentionally left blank.)**

4839-8643-3235, v. 2

**IN WITNESS WHEREOF,** Makers have caused this Confessed Judgment Note to be executed, sealed, and delivered as of the day and year first written above.

**MAKER:**                                                    **WITNESS:**

By: _____(Seal)
Pete Koroneos

**LLPD, LLC**

By: _____(Seal)

4839-8843-3235, v. 2