### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

TINA M. WHITE, *et al.*,                              *

       Plaintiffs,                              *

v.                              *          Case No.: DLB-18-2900

LLPD, LLC, *et al.*,                    *

       Defendants,                              *

*       *       *       *       *       *       *       *       *       *       *       *       *

### MEMORANDUM OPINION AND ORDER

Tina White filed this collective action on behalf of herself and other similarly situated against their employers, LLPD, LLC and Pete Koroneos (together, "LLPD"), claiming that LLPD failed to pay them minimum wages and overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. *See* Compl., ECF 1. Kathryn Uroza (AKA Kathryn Chaput), Simone Zielinski, Nicole Merchant, Michael Garcia Vasquez, Louise Marquard, Dimitrios Karaoulanis, Megan Douglass (AKA Megan Zakaria), Gail Webster, Larisa Dillinger, Cynthia Velten, Marisol Gartrell, Teresa Eads, Felicia Wager, and Anais Garro opted into the lawsuit as plaintiffs. On December 31, 2020, the parties filed a Joint Motion to Approve Settlement Agreement and General Release and Establish a Schedule for the Dismissal of this Case with Prejudice. *See* Jt. Mot., ECF 101. I find the settlement amount and terms, including the payments to plaintiffs and attorneys' fees, are reasonable and fair in light of the facts of this case.

## I.     Background

Plaintiffs worked at Broadway Diner as non-exempt employees at all relevant times. Compl. ¶¶ 22–23, 25 & 32.  Plaintiffs allege LLPD, the diner's owner, failed to pay their statutory minimum wages and overtime wages in violation of state and federal law.  *Id.* ¶¶ 24, 35 & 37–38. The Settlement Agreement ("Agreement") releases and discharges defendants "from and of all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the Effective Date of this Agreement."  *See* Agr. § 5.1, at 4, ECF 101-1.  The gross settlement amount of the Agreement is $283,500.00, which includes attorneys' fees and costs.  *Id.* § 1, at 1.

## II.    Discussion

The FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees*.  See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To protect workers from the ill-effects of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not decided the factors to determine whether an FLSA settlement should be approved.  However, this Court typically adopts the standard set forth in *Lynn's Food Stores*, *Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated

that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Saman*, 2013 WL 2949047, at *3 (citing *Lynn's Food Stores,* 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))). In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

## 1. *Bona Fide* Dispute

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See Duprey*, 30 F. Supp. 3d at 408. The parties dispute whether the defendants owe plaintiffs unpaid minimum wages and overtime wages and the amount of any owed wages. Agr. 1.

## 2. Fairness & Reasonableness

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel . . . ; and (6) the

probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are applied here.

First, the parties completed discovery, including depositions, and "fully exchanged information, including payroll and hour of work records." Jt. Mot. ¶ 1; Status Reports, ECF 79 & 80.

Second, both parties filed substantive motions before the settlement conference. Plaintiffs filed a Motion for Partial Summary Judgment with respect to whether Koroneos is an employer under the FLSA and MWHL. ECF 88. Defendants filed a Motion to Decertify Collective Action. ECF 90. Completing the briefing of these motions would be costly and prolong the litigation. In addition, both motions were significant insofar as they would affect who remained parties to this case and the scope and availability of damages.

Third, there is no evidence of fraud or collusion in the settlement. The parties unsuccessfully attempted to settle this case in a settlement conference in July 2019 before Judge Gallagher. A year and a half later, on November 16, 2020, the parties spent a day negotiating a settlement before the undersigned. Status Reports, ECF 79 & 80. Before the second settlement conference, the parties exchanged written discovery and took depositons and were able to assess their claims and defenses in light of the evidence, including payroll and hour of work records. Armed with this information, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11).

Fourth, the parties are represented by competent and experienced counsel. Plaintiffs' attorneys' practices are devoted almost exclusively to labor and employment law and FLSA cases.

4

Defendants are represented by experienced counsel who handle litigation on behalf of large and small businesses.

The fifth factor—the opinions of class counsel—is not relevant because this is a collective action, not a class action.  *See Lomascolo*, 2009 WL 3094955, at \*10.

Regarding the sixth factor—the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery—the parties agree that the $283,500.00 settlement amount, including $133,500.00 in attorneys' fees and costs, is fair and reasonable.  This settlement amoung takes into consideration "the poor economic state of the restaurant industry during the COVID-19 pandemic, and Defendants' troubled financial state in particular," as a result of which there is "a substantial risk that if this case proceeded to judgment and Plaintiffs prevailed, such judgment would be uncollectible."  Agr. 1.  Defendants dispute liability in general and as to Koroneos in particular.  They also dispute the extent of damages, and they contend the collective action should be decertified.  The parties recognize that litigating this case will be costly.  In addition, there is a risk that plaintiffs' class might be decertified or that they would be unsuccessful at trial.

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### 3.  Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable.  *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012).  The Agreement provides for attorneys' fees and costs of $133,500.00.  When the Court calculates an award of attorney's fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended."  *See Lopez*, 838 F. Supp. 2d at 348.  The Fourth Circuit

addressed specific factors district courts should consider in determining the reasonableness of the

fee in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).  They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, plaintiffs were represented by Bradford Warbasse, who has been practicing for 35

years and billed at a rate of $400.00 per hour in this case, and Howard Hoffman, who has been

practicing for 21 years and billed at a rate of $400.00 per hour. *See* Warbasse Aff. ¶¶ 2, 4, ECF

102-1; Hoffman Aff. ¶¶ 2 &6, ECF 102-3; Pls.' Supp. in Support of Fees, ECF 102; *see also* ECF

102-2, 102-4 (spreadsheets showing hours worked).  Both attorneys have extensive experience in

labor and employment law and FLSA cases specifically.  Warbasse Aff. ¶ 2; Hoffman Aff. ¶ 2.

Warbasse and Hoffman worked 100.7 and 109.7 hours on this case, respectively.  Warbasse Aff.

¶ 4; Hoffman Aff. ¶ 6.  There were also three associate attorneys and one law clerk who worked a

combined additional 517.2 hours on this case.  Hoffman Aff. ¶¶ 7–9, 27–28.  The associates had

four or five years of experience each.  *Id.*  Two billed at a rate of $205.00 per hour, and one billed

at a rate of $215.00 per hour.  *Id.*  The law clerk billed at a rate of $150.00 per hour.  Plaintiffs'

counsels' fees and costs totaled $197,460.02, and they agreed to accept $133,500.00.  *See* Agr. §

2.1.3, at 2; Pls.' Supp. in Support of Fees.  In light of the extensive work performed on the case

and the significant reduction in the amount sought, the Court finds the attorneys' fees and costs

are fair and reasonable.

6

## **ORDER**

For the reasons stated above, it, this <u>20th</u> day of <u>January</u>, <u>2021</u>, hereby ORDERED that:

1. The Joint Motion to Approve Settlement Agreement and General Release and Establish a Schedule for the Dismissal of this Case with Prejudice, ECF 101, is GRANTED;

2. The terms of the Settlement Agreement and General Release, the Payment Plan, and the Confessed Judgment Promissory Note are fair and reasonable, considering the facts and issues in controversy;

3. After plaintiffs and their counsel have received all of the required payments for Month One (1), the parties shall file a stipulation of dismissal with prejudice;

4. The Court shall dismiss this lawsuit thirty (30) days after receipt of the stipulation of dismissal;[1]

5. Defendants' Motion for an Extension of Time, ECF 84, IS DENIED AS MOOT;

6. Plaintiffs' Motion for Partial Summary Judgment with respect to whether Koroneos is an employer under the FLSA and MWHL, ECF 88, IS DENIED AS MOOT; and

7. Defendants' Motion to Decertify Collective Action, ECF 90, IS DENIED AS MOOT.

_____/S/_____
Deborah L. Boardman
United States Magistrate Judge

---

[1] The parties ask the Court to dismiss the case but also request that the Court maintain continuing jurisdiction to enforce the terms of the Settlement Agreement.  Should the need arise, either party may file a motion to reopen the case and enforce the Promissory Note and Confessed Judgment attached to the Settlement Agreement.